ORIGINAL
D&F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HANNA Z. HANNA,

                   Petitioner,

-against-

UNITED STATES OF AMERICA,

                   Respondent.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case Nos.   09-CV-5538 (FB)
                   95-CR-1204 (FB)

*Appearances:*
*For the Petitioner:*
HANNA Z. HANNA, *Pro Se*
24 Sarno Street
Colonia, New Jersey 07067

*For the Respondent:*
LORETTA E. LYNCH, ESQ.
United States Attorney
Eastern District of New York
BY:   ANTHONY M. CAPOZZOLO,
        ESQ., Assistant United States
        Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

        In the early 1990s, petitioner Hanna Z. Hanna ("Hanna"), a former lawyer, assisted others in submitting fraudulent applications for immigration status adjustments to the United States Immigration and Naturalization Service ("the INS"). Hanna pleaded guilty to a misdemeanor information charging him with aiding and abetting the filing of an "application for registration containing statements known by him to be false[.]" 8 U.S.C. § 1306(c);[1] 18 U.S.C. § 2 (aiding and abetting statute); *see generally* Docket, *United States v.*

---

[1] Section 1306(c) reads, in pertinent part:

> Any alien or any parent or legal guardian of any alien, who files an application for registration containing statements known by him to be false, or who procures or attempts to procure registration of himself or another person through

*Hanna*, No. 95-CR-1204 (E.D.N.Y.). On February 27, 1998, he was sentenced principally to one year of probation and a fine of $1,000. Judgment was entered on March 4, 1998. Hanna did not appeal.

More than a decade later, Hanna filed this civil action to vacate his sentence. *See* Pet'n, *Hanna v. United States*, No. 09-CV-5538 (E.D.N.Y. Dec. 1, 2009). Hanna also filed a "supplemental motion to vacate" his sentence on the docket for his original criminal case. *See* Docket Entry No. 186, *United States v. Hanna*, No. 95-CR-1204 (E.D.N.Y. Jan. 22, 2010). The Court construes these papers collectively as seeking a writ of *coram nobis*, since Hanna is not in custody. *See Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir. 2005) (noting that writ is "generally sought to review a criminal conviction where a motion under 28 U.S.C. § 2255 is unavailable because petitioner is no longer serving a sentence").

The writ is an "extraordinary remedy," available "only under circumstances compelling [] action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954). "Coram nobis is not a substitute for appeal, and relief under the writ is *strictly limited* to those cases in which errors of the most *fundamental character* have rendered the proceeding itself irregular and invalid." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (internal citations and marks omitted, emphases added). The proceedings producing a petitioner's conviction are presumed to be correct, and the "burden rests on the accused to show otherwise." *Morgan*, 346 U.S. at 512.

---

> fraud, shall be guilty of a misdemeanor and shall, upon conviction thereof, be fined not to exceed $1,000, or be imprisoned not more than six months, or both[.]

8 U.S.C. § 1306(c).

2

As the Second Circuit explained in *Foont*:

> A petitioner seeking [coram nobis] relief must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.

*Foont*, 93 F.3d at 79 (internal marks omitted) (citing *Morgan*, 346 U.S. at 511, 512, and *Nicks v. United States*, 955 F.2d 161, 167 (2d Cir. 1992)).

Hanna's wandering and prolix motion no explanation of why he failed to seek relief earlier via direct appeal; the motion must therefore be denied.

Notwithstanding this fatal flaw, Hanna's motion also fails because he does not demonstrate that there were any "errors of a fundamental character" underlying his conviction. *Foont*, 93 F.3d at 78. Hanna makes various statements suggestive of a claim of ineffective assistance of counsel. *See* Pet'n at ¶¶ 34-51. The gravamen of his disappointment, however, is the unfavorable result of post-conviction collateral proceedings before disciplinary authorities of the New York State Bar. Hanna was suspended from practice for three years, *In re Hanna*, 725 N.Y.S.2d 26 (1st Dep't 2001), and his attempt to be reinstated was denied. *See Matter of Hanna*, 2006 N.Y. Slip Op. 64086 (1st Dep't Mar. 9, 2006) (unpublished), *reargument denied*, 2006 N.Y. Slip Op. 68737 (1st Dep't May 16, 2006) (unpublished). The Court will assume, without deciding, that Hanna's continuing inability to practice law constitutes a continuing "legal consequence[.]" *Foont*, 93 F.3d at 79. Hanna's wandering motion fails to give a coherent explanation of how counsel failed him at all, much less how any failures by counsel rendered the proceeding

that produced his conviction "irregular and invalid." *Id.* at 78. Moreover, before Hanna pleaded guilty, the Court explicitly asked him if he was "aware of some problems [he] could have in terms of [his] law license[.]" Plea Tr. at 20 (May 28, 1997), filed as Ex. D to Gov't's Opposition. Hanna responded "Yes, Your Honor." *Id.*

Hanna also claims, incoherently, that there was some kind of problem in his indictment. *See* Pet'n at ¶¶ 15-20. Since he pleaded guilty to a misdemeanor information, any prior indictment against him—including any error therein—was mooted. *See United States v. Mechanik*, 475 U.S. 66, 70 (1986) ("[T]he petit jury's verdict" of guilty renders "any error in the grand jury proceeding . . . harmless beyond a reasonable doubt."); *United States v. Hansel*, 70 F.3d 6, 8 (2d Cir. 1995) ("[A]ny error in the grand jury proceedings must be considered harmless in light of Hansel's guilty plea.").

The motion is denied. This memorandum and order applies to both Hanna's criminal case, No. 95-CR-1204, and his civil petition, No. 09-CV-5538.

**SO ORDERED.**

/S/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 28, 2010

4